Michele Anderson-West (9249)
Austin B. Egan (13203)
STAVROS LAW P.C.
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
michele@stavroslaw.com
austin@stavroslaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH-CENTRAL DIVISION

| | |
|---|---|
| JAMEE RUDD,<br><br>    Plaintiff,<br>  v.<br><br>GENERAL RV CENTER, INC., d/b/a GENERAL RV CENTER,<br><br>    Defendant. | **COMPLAINT**<br><br>(JURY DEMAND)<br><br>Case No. 2:20-cv-00523-RJS<br><br>Judge Robert J. Shelby |

Plaintiff Jamee Rudd, by and through her undersigned counsel, complains against Defendant General RV Center, Inc., d/b/a General RV Center., and for causes of action, alleges Defendant violated the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII") and the Utah Antidiscrimination Act, Utah Code Ann. §34A-5-101, et. Seq. both as amended.

### **PARTIES**

1. Ms. Rudd is a resident of Salt Lake County, State of Utah.

2. Defendant General RV Center is a for-profit domestic corporation doing business in Salt Lake County, State of Utah.

3. Defendant is an "employer" as that term is defined in Title VII and the UADA.

4. Defendant is engaged in an industry affecting commerce and has fifteen or more employees.

5. All the acts and omissions giving rise to this action occurred within the State of Utah.

6. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Defendant.

## ADMINISTRATIVE REMEDIES

7. Ms. Rudd filed her Charge of Discrimination with the Utah Anti-Discrimination and Labor Division and EEOC on or around April 5, 2019.

8. The EEOC issued a Dismissal and Notice of Right to Sue dated April 22, 2020.

9. This action is timely commenced within 90 days of Ms. Rudd's receipt of the Dismissal and Notice of Right to Sue.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to 29 U.S.C. §216(b).

11. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

13. Defendant hired Ms. Rudd in September 2018 as a Service Writer.

14. Ms. Rudd was Defendant's "employee" as that term is defined in Title VII and the UADA.

15. Ms. Rudd's compensation included an hourly wage of $16.00 per hour plus bonus incentives, health insurance and other benefits.

16. Immediately upon her employment, male co-workers, including management, sexually harassed Ms. Rudd.

17. Ms. Rudd is an attractive young woman accustomed to sexual innuendos by males in general and co-workers in particular.

18. Ms. Rudd did not report the sexual harassment to management because she intended to advocate for herself and talk to the harassing individuals about their conduct to have it stop.

19. On October 20, 2018, Ms. Rudd's supervisor called her into his office.

20. The supervisor asked Ms. Rudd about the sexual harassment.

21. Ms. Rudd confirmed the sexual harassment and told her supervisor that she wanted to confront the individuals herself and did not want to file an official claim.

22. The supervisor told Ms. Rudd it was best if she were terminated as to not cause a distraction for Defendant and terminated Ms. Rudd's employment.

23. Ms. Rudd was never written up or disciplined by Defendant prior to her termination.

24. Ms. Rudd would not have been terminated-but for the fact she is female.

**FIRST CAUSE OF ACTION**
*(Sex Discrimination-Title VII)*

25. The preceding paragraphs are incorporated herein by reference.

26. Ms. Rudd is a member of protected class.

27. Ms. Rudd was well qualified for her position as a Service Writer.

28. Defendant would not have fired Ms. Rudd but for her being female.

29. As a result of Defendant's unlawful discrimination, Ms. Rudd suffered damages and is entitled to recover damages for lost wages and benefits, compensatory damages, costs, attorneys' fees, and other such relief as determined under law, including but not limited to emotional distress damages.

30. Ms. Rudd is also entitled to an award punitive damages because of Defendant's willful violations.

## SECOND CAUSE OF ACTION
*Sex and Sexual Orientation Discrimination*
*Utah Anti-discrimination Act*
*Utah Code Ann. §34A-5-101, et. seq.*

31. Defendant terminated Ms. Rudd's employment as Service Writer because of her sex.

32. Ms. Rudd was well qualified for her position.

33. Ms. Rudd maintained and/or exceeded the requisite education and certifications required to work as a Service Writer for Defendant.

34. Ms. Rudd maintained and/or exceeded the requisite training requirements to work as a Service Writer for Defendant.

35. Ms. Rudd always maintained moral character and integrity that was beyond reproach.

36. Ms. Rudd maintained an excellent work ethic, disposition to work and adherence to Defendant's rules and regulations.

37.     Yet, despite meeting or exceeding the above-criteria, Defendant terminated Ms. Rudd's employment for no other reason than her sex.

38.     But-for being female, Ms. Rudd would still work for Defendant.

39.     As a result of Defendant's unlawful discrimination, Ms. Rudd suffered damages and is entitled to recover damages for lost wages and benefits, compensatory damages, costs, attorneys' fees, and other such relief as determined under law including but not limited to emotional distress damages.

40.     Ms. Rudd is also entitled to an award punitive damages because of Defendant's willful violations.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial before a jury.

## CONCLUSION & REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a.     Enter judgment in favor of Plaintiff and against Defendant.

b.     Award lost pecuniary and non-pecuniary damages as appropriate.

c.     Award punitive damages.

c.     Enter judgment in favor of the Plaintiff ordering reimbursement for all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorneys' fees.

d.     Enter a judgment awarding prejudgment on all unpaid wages.

e.     Enter a judgment awarding post-judgment interest at the applicable statutory rate.

f.     Award such other relief as the Court deems just and equitable.

Respectfully submitted this 22nd day of July 2020.

    /s/ Michele Anderson-West
Michele Anderson-West
STAVROS LAW P.C.
*Attorneys for Plaintiff*